# EXHIBIT E
## EEOC FILE EXCERPTS



**U.S. Equal Employment Opportunity Commission**
**San Antonio Field Office**

5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229
(210) 281-2550
(210) 281-7610 TTY
(210) 281-7606/2522 FAX

## CERTIFICATION/ATTESTATION OF RECORDS

The attached pages are true and correct copies from the U.S. Equal Employment Opportunity Commission (EEOC) file of Charge No.: <u>451-2019-02956, Debra Santacruz v. VIA Metropolitan Transit.</u> This charge file is a government document that is kept by the EEOC in the ordinary course of business.

I am the legal custodian of the original file.

Whereunto, I set my hand this ____7____ day of _____April_____, 2022, in the City of San Antonio, TX 78229.



**Norma J. Guzman**
**Acting Field Director**

SUBSCRIBED AND SWORN (OR AFFIRMED) BEFORE ME THIS
___7___ DAY OF _____April_____, 2022.

> ESTELLA V. ROMANOS
> Notary Public, State of Texas
> Comm. Expires 06-20-2023
> Notary ID 130234192

Estella V. Romanos

**Estella V. Romanos**

Notary Public in and for
the State of Texas

My Commission expires: May 20, 2023.



February 26, 2020

Investigator for EEOC: Sheila Ward-Reyes
Equal Employment Opportunity Commission
5410 Fredericksburg Road-Suite 200
San Antonio, Texas 78229

Reference: Charge No. 451-2019-02956
Charging Party: Ms. Debra Diane Santacruz
Respondent: VIA Metropolitan Transit Authority

Dear Ms. Ward-Reyes:

This letter and accompanying documents constitute VIA's position statement in response to the above referenced charge of discrimination filed on August 30, 2019 by Debra D. Santacruz.

In her Charge, Ms. Santacruz alleged: "I worked at VIA Metropolitan Transit as a reservation agent beginning in 2001. I suffer from chronic back pain that severely limits some of my daily activities, including walking, sitting, and standing. During my employment with VIA, I informed VIA that I have chronic back pain.

I was qualified for my job with VIA, but I sometimes needed days off or short breaks to walk around related to my chronic back pain. I asked VIA for accommodations, short breaks and leave from work, to deal with my disability. At first, VIA gave me short breaks and leave. In 2019, VIA disciplined me for leave I took from work that was related to my disability, and VIA denied me rest breaks. After VIA denied me accommodations, I was told I was fired on or around April 22, 2019.

My manager at VIA, Blanca and other managers would often make comments about my body size, including about my breasts. This happened on many occasions, including in January 2019.

I believe that I have been discriminated against because of my sex (female) and disabilities (actual, record of, and regarded as), denied reasonable accommodations, and denied employment opportunities and retaliated against, in violation of the Americans with Disabilities Act of 1990, as amended; Chapter 21 of the Texas Labor Code, *et seq.,* Section 504 of the Rehabilitation Act of 1973, as amended; and Title VII of the Civil Rights Act of 1964."

*I*

VIA Metropolitan Transit Authority denies the Charge, asserts it did not discriminate or retaliate against Ms. Santacruz in any manner and maintains that there is no evidence to support these allegations. As explained in detail below, the Charging Party's allegations are untrue; not based in fact and her allegations of management making comments about her body size, including her breasts are contrived.

This statement of Position attempts to respond to the Charging Party's allegations. It is requested that if you learn of any information that is not contained within the Charge, VIA be provided with written notice of such information  and be provided reasonable time to respond. It is also requested that prior to recommending a "Determination" that may be adverse in any way to VIA, you allow VIA to submit additional information or supplemental position statement to address any concerns which may arise throughout your investigation. Additionally, VIA does not waive any defenses or objections to which it may be entitled, even if such defenses or objections are not noted in this initial statement. Should VIA be silent as to any issues or allegations during the course of this investigation, such silence should not be interpreted as an admission as to the truth of the allegation. The information provided below clearly indicates that there was no discriminatory animus, or any biases on the part of VIA toward Ms. Santacruz and there is no evidence to support her allegations.

Statement of Position

    A.  VIA and VIA's Non-Discrimination and Retaliation Policy

VIA Metropolitan Transit is a political subdivision of the State of Texas. VIA provides public transportation (bus, van, trolley) services along designated routes and on a demand – responsive basis within a defined geographical area of San Antonio and Bexar County, Texas. Demand – response transportation is provided to customer who meet established eligibility guidelines. VIA employs over 2,000 employees including a full-time police force, security personnel, training staff, full-time and part-time bus operators and van operators to accomplish its designated route and demand responsive public transportation obligations. VIA has a longstanding Equal Employment Opportunity (EEO) Policy that prohibits discrimination and retaliation on any basis and provides information to employees on how to file internal complaints of discrimination. All VIA employees receive periodic trainings regarding the policy and process. Ms. Santacruz was trained on and aware of the policy and complaint process at all relevant times.

**Exhibit (A). EEO Policy in affect during her employment**

**Exhibit (B). Transcript of Ms. Santacruz' EEO Trainings completed from September 7, 2007 – October 2, 2017**

B.  VIA Denies Discrimination/Retaliation

VIA Metropolitan Transit Authority denies the Charge, asserts it did not discriminate or retaliate against Ms. Santacruz in any manner and maintains that there is no evidence to support these allegations. As explained in detail below, the Charging Party's allegations are untrue and not based in fact. Ms. Santacruz claims she is disabled and informed VIA of same. VIA denies that Ms. Santacruz is disabled, nor did VIA regard her as disabled; she never informed anyone at VIA of her alleged

disability nor any need for an ADA accommodation, despite the obligation to so inform VIA under VIA's ADA policy. Ms. Santacruz never reported comments related to her size and breasts which she now relies on to support a claim of discrimination.

### Exhibit (C). ADA Policy

VIA followed and complied with all internal policies and procedures regarding Family Medical Leave (FMLA) and ADA when requested. Ms. Santacruz requested FMLA leave for her flare-ups related to her chronic back pain.

### Exhibit (D). FMLA Policy

### Exhibit (E). FMLA certification request/approval

On or about August 6, 2018 Ms. Santacruz filed for FMLA leave for her flare-ups related to her chronic back pain. FMLA request form was reviewed and approved on August 8, 2018.

### Exhibit (E). FMLA certification request/approval

In Ms. Santacruz' FMLA request form, the physician does not indicate that she needs workplace accommodations. Instead, the Physician indicated that Ms. Santacruz needed to take time off for physicians' appointments, which VIA granted.

### Exhibit (F). Health Texas work release forms

From November 24, 2017 - January 29, 2019 Ms. Santacruz provided physician's work release forms that indicated no work restrictions and also indicated Ms. Santacruz should be able to participate fully in work.

### Exhibit (F). Health Texas work release forms

### Exhibit (G). Time and Attendance Spreadsheet & Policy

Physician forms indicate, "when flare-ups occur, Patient has trouble sitting for prolonged periods of time." Ms. Santacruz, like all Reservation Agents was provided with a VERIDESK (standing desktop for computers). Ms. Santacruz was able to perform the essential functions of her job if she experienced flare-ups as she had the ability to stand when needed, utilizing her VERIDESK, standing desktop. Assuming that Ms. Santacruz was disabled, which VIA denies, Ms. Santacruz never informed anyone at VIA of this, nor did her physician's statement indicate that she required accommodations like short breaks to walk around.

Nonetheless, VIA extended reasonable accommodations when Ms. Santacruz requested.

### Exhibit (H) Physician Accommodation Request

On or about May 13, 2016, VIA extended reasonable accommodations concerning her Physician's determination that, "she must wear sunglasses in the workplace." Accommodation(s) made by VIA, - included allowing her to wear sunglasses in the work area to help with eye sensitivity, dimming the lighting near her work-area to reduce glare, and allowing short breaks when needed. VIA also accommodated Ms. Santacruz by allowing her to have a black screen on her computer monitor to help with visibility while performing essential functions of her job.

### Exhibit (H). Physician Accommodation Request

Contrary to Ms. Santacruz' allegations, she was not terminated due to her request for accommodations. Instead, Ms. Santacruz chose to not return to work as documented by her Supervisor, Ms. Dominguez.

Ms. Santacruz declined to return to work even though her Supervisor asked her to return, thus resulting in Ms. Santacruz abandoning her job.

On April 23, 2019, Ms. Santacruz spoke with her Manager, Ms. Castillo. At this time, Ms. Castillo had no knowledge of any alleged termination effort initiated against Ms. Santacruz and asked Ms. Santacruz to return to work. Ms. Santacruz had been absent for medical reasons on April 13, 17, 18, 2019, and her absences could have been covered under FMLA, thus not resulting in her termination as alleged. VIA was not able to review her absences because the disciplinary process was halted when Ms. Santacruz declined to return to work, and she was instead considered to have voluntarily resigned. Had Ms. Santacruz returned to work on April 22, 2019, she may have been assessed 3 points for an absence without notification, (April 19, 2019, no-call, no-show), giving her a total of 13 points under VIA Time and Attendance, SOP 4.05 Procedure for Attendance Policy. At worse, this may have resulted in a final written reminder/ 2-day suspension but not a termination as she erroneously concluded. **Exhibit (G). Time and Attendance Policy, Standard Operating Procedure**

**4.05 Point Accumulation Policy**

VIAtrans Standard Operating Procedure has established guidelines for what is considered excessive tardiness and absenteeism as explained in dept in the Attendance Policy. Each employee will begin with a point total of zero (0). The total will not change until an absent, tardy or unscheduled leave early occurs. Points will be accumulated on a rolling 12 months cycle. The attendance occurrence definition and the points associated with the occurrence are as follows: One (1) point per unscheduled late, tardy, or unscheduled leave early, Two (2) points per unscheduled absence occurrence, Three (3) points per absent day without notification. Positive disciplinary action associated with the point accumulation: Four (4) points is an Informal resolution, Six (6) points an Oral reminder, Eight (8) points a Written reminder, Ten (10) points is a Written reminder/1 day suspension, Twelve (12) points is a Final written reminder/2 day suspension, Fourteen (14) points is Termination. **Exhibit (G). Time and Attendance Policy, SOP 4.05 Point Accumulation Policy**

On April 21, 2019, one day prior to reaching out to her Supervisor regarding her absences, Ms. Santacruz filed for unemployed with the Texas Workforce Commission. The Workforce Commission determined on May 17, 2019, that Ms. Santacruz was not entitled to unemployment benefits under Section 207.045 of the Texas Unemployment Compensation Act because Ms. Santacruz voluntarily resigned without good cause connected with work.

**Exhibit (I). Texas Workforce Commission Appeal Tribunal**

Ms. Santacruz alleged that on many occasions, including in January 2019, Ms. Dominguez, and other managers made comments about her body size, including her breasts. VIA denies these comments were made and denies the occurrence of any sexual discrimination/harassment. Ms. Santacruz never made an outcry or informed anyone at VIA regarding such comments. Ms. Santacruz failed to take advantage of reporting and corrective opportunities under VIA's EEO discrimination, and sexual harassment policies and procedures, as well as the Issue Resolution Procedures, that were

4

available to her. Ms. Santacruz attended all biennial EEO Trainings where she was informed of policy and procedures for reporting any sexual harassment and discrimination concerns/complaints. She never availed herself of these resources.

**Exhibit (B). Transcript of Ms. Santacruz' EEO Trainings completed from September 7, 2007 – October 2, 2017**

In her Charge, Ms. Santacruz alleges discrimination that occurred over an 18-year period between April 1, 2001 and April 22, 2019. Reliance on events that occurred over the entire 18-year period is legally precluded. VIA formally objects to the Charging Party's reliance on incidents that, allegedly, transpired outside of the 180 and 300 day filling deadlines set out in Chapter 21 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964 respectively. Any allegations of discrimination or retaliation that do not fall within time limitations prescribed by statutes cited in the Charge are time barred.

Conclusion

There is no evidence to substantiate Ms. Santacruz' allegation of discrimination based on disability, sex or any other protected characteristic. Ms. Santacruz' allegation of retaliation is also unsubstituted in that she voluntarily chose to abandon her job and was not terminated by VIA. There is no causal nexus between any alleged protected activity and an adverse action. As discussed above, Ms. Santacruz abandoned her position, she was not terminated.

VIA respectfully requests that upon completion of your investigation you find that VIA did not discriminate or retaliate against Ms. Santacruz and these charges be found without cause and a Dismissal notice issued by EEOC.

Please contact me at 210-362-2075 if further documentation is required or if you have questions.

Respectfully,

Claudia de González

EEO Officer

Exhibits:

A. VIA Equal Employment Opportunity Policy
B. Transcript of Ms. Santacruz' EEO Trainings completed from September 7, 2007 – October 2, 2017
C. American with Disabilities Act (ADA)
D. Family and Medical Leave (FMLA)
E. FMLA certification request/approval
F. Health Texas Work Release Forms
G. Time and Attendance Spreadsheet & Policy
H. Physician Accommodation Request
I. Texas Workforce Commission Appeal Tribunal

# EXHIBIT

# E

Recert
2020

✓ FMLA   ____ Military FMLA

✓ Self   ___ Family

Date Written or Other Valid Notification Received: _____ SG _____

Employee ID #: __ 6413 __

Name: Debra Santacruz

Department: AB- Paratransit Reservation Agent    Paratransit operations

Emp. Phone: 830-357-8132

SAL Only: Supervisor & Ext.: Blanca Dominguez

☑ Confirm 1 year Employment and 1,250 Hours Worked/Last 12Months. (Scan/shred) SG

☑ Logged (Catalina)

☑ Provide Employee with Notice of Eligibility/Rights and Responsibilities. (Scan to file) SG

☑ Provide Employee with Certification of Health Care Provider form. (Scan to file) SG

☑ Received Certification of Health Care Provider form from employee. (Scan/shred) SG

☑ Complete and Send Designation Notice. (Scan to file) SG

☑ SAL Only: Prepare letter for reporting hours and create track sheet for hours. (A)

☑ SAL Only: Notify Employee's Supervisor via email. (Save email copy to folder) SG

☑ SAL Only: Begin tracking FMLA hours used.

☑ SAL Only: Confirm Return to Work, FMLA Benefit Not Exhausted. (Save to folder) SG

☑ Create Electronic Folder, Scan/Shred Documents as they are received. SG

FMLA Attendance Folders Hourly: Bus-Van, Maintenance, Salaried
FMLA Attendance Folders Salaried: Cust Svc, Transguide, Other
Hourly File Names: B, V or M  Empl ID  Last Name/First Initial  Recert or Exp Date
Sal File Names: S  Empl ID  Last Name/First Initial  Recert or Exp Date

FAX 70 1-221N44 GUZMAN
(210)362-2503

Updated

## Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act)

**U.S. Department of La**

Wage and Hour Division

DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT

Expires: 8/31/2021

### SECTION I: For Completion by the EMPLOYER

**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies, and in accordance with 29 C.F.R. § 1635.9, if the Genetic Information Nondiscrimination Act applies.

Employer name and contact: Belinda P. Guzman-VIA Metropolitan Transit-Office(210)362-2216-Fax(210)362-2503

Employee's job title: Paratransit Reservation Agent     Regular work schedule: Varies

Employee's essential job functions: Please see job description (Attached)

Check if job description is attached: ✓

### SECTION II: For Completion by the EMPLOYEE

**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 29 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: DEBRA                SANTACRUZ    D No. 6413
First             Middle             Last

### SECTION III: For Completion by the HEALTH CARE PROVIDER

**INSTRUCTIONS to the HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), genetic services, as defined in 29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the employee's family members, 29 C.F.R. § 1635.3(b). Please be sure to sign the form on the last page.

Provider's name and business address: Dr. Luis Toros   420 Sw military

Type of practice / Medical specialty: Family medicine

Telephone: (70· ) 924· 2337     Fax:(210 ) 923· 2208·

**RECEIVED**

APR 0 4 2019

BENEFITS OFFICE

Page 1

Form WH-380-E  Revised May 2015

8

**PART A: MEDICAL FACTS**

1. Approximate date condition commenced: _5/2017_

Probable duration of condition: _lifetime_

**Mark below as applicable:**
Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
__X__ No ____ Yes. If so, dates of admission:

~~2/13/19, 1/29/19, 12/18/18, 10/16/18, 8/21/18, 8/3/18, 6/21/18~~ _(ERROR FB)_

Date(s) you treated the patient for condition:

_2/13/19, 1/29/19, 12/18/18, 10/16/18, 8/21/18, 8/3/18, 6/21/18_

Will the patient need to have treatment visits at least twice per year due to the condition? ____ No __X__ Yes.

Was medication, other than over-the-counter medication, prescribed? ____ No __X__ Yes.

Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
____ No __X__ Yes. If so, state the nature of such treatments and expected duration of treatment:

_Dr. David Hirsch 7305 Barlite Blvd ste 101_

2. Is the medical condition pregnancy? __X__ No ____ Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.

Is the employee unable to perform any of his/her job functions due to the condition: ____ No __X__ Yes.

If so, identify the job functions the employee is unable to perform:

_When flare-ups occur, pt has trouble sitting for prolon_

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

_50 y/o female c̄ Chronic back pain._

9

PART B: AMOUNT OF LEAVE NEEDED

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery?  _X_ No  ___ Yes.

   If so, estimate the beginning and ending dates for the period of incapacity: _____

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition?  _X_ No  ___ Yes.

   If so, are the treatments or the reduced number of hours of work medically necessary?
   ___ No  ___ Yes.

   Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

   _____

   Estimate the part-time or reduced work schedule the employee needs, if any:

   _____ hour(s) per day; _____ days per week from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions?  ___ No  _X_ Yes.

   Is it medically necessary for the employee to be absent from work during the flare-ups?
   ___ No  _X_ Yes. If so, explain:

   To help rest her back & relive pain, patients
   will be on meds that cause drousiness

   Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

   Frequency        3-4 times per _____ week(s) _1_ month(s)

              Duration: _____ hours or 1-2 day(s) per episode

ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER.

_____
_____
_____
_____
_____
_____

10

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Signature of Health Care Provider**          **Date** 4/4/19

## PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.**

Form WH-380-E Revised May 2015

11



# F A X   S H E E T

| | |
|---|---|
| Date: | Apr-04-2019 11:31:33 |
| To: | |
| Subject: | Patient Document |
| Fax Number: | 210-362-2503 |
| To Company: | |
| From Name: | Gutierrez-Rodriguez, Destiny B |
| From Company: | HTMG SW MILITARY |
| From Facility: | HTMG SW MILITARY |
| Support Contact: | 210-924-2337 |
| Number of Page(s): | 5 |

**This facsimile transmission contains confidential information intended for the parties identified above. If you have received this transmission in error, please immediately notify me by telephone and return the original message to me at the address listed above. Distribution, reproduction or any other use of this transmission by any party other than the intended recipient is strictly prohibited.**

| 2

# Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act)

**U.S. Department of Labor**

Wage and Hour Division



DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR. RETURN TO THE PATIENT

OMB Control Number: 1235-0003
Expires: 5/31/2018

## SECTION I: For Completion by the EMPLOYER

**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies, and in accordance with 29 C.F.R. § 1635.9, if the Genetic Information Nondiscrimination Act applies.

Employer name and contact: SERGIO M. GONZALEZ, J.D.—VIA METROPOLITAN TRANSIT—OFFICE (210) 382-2257—FAX (210) 362-2575

Employee's job title: PARATRANSIT RESERVATION AGENT    Regular work schedule: VARIES

Employee's essential job functions: PLEASE SEE JOB DESCRIPTION (ATTACHED)

Check if job description is attached: ✔

## SECTION II: For Completion by the EMPLOYEE

**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 20 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: _____ DEBRA SANTACRUZ _____ 6413
First                              Middle                              Last

## SECTION III: For Completion by the HEALTH CARE PROVIDER

**INSTRUCTIONS to the HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the employee's family members, 29 C.F.R. § 1635.3(f), genetic services, as defined in 1635.3(b). Please be sure to sign the form on the last page.

Provider's name and business address: Dr. Luis Torres 1920 SW Military Dr
SA TX 78221

Type of practice / Medical specialty: Family medicine

Telephone: ( 210 ) 924-2337    Fax: ( 210 , 923-2208

## PART A: MEDICAL FACTS

1. Approximate date condition commenced: _5/24/2017_

   Probable duration of condition: _18 months_

   **Mark below as applicable:**
   Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
   _X_ No ___ Yes. If so, dates of admission:

   Date(s) you treated the patient for condition:
   _5/24/18, 4/19/18, 5/9/18, 6/21/18, 8/3/18, 8/21/2018, 10/16/18,_

   Will the patient need to have treatment visits at least twice per year due to the condition? ___ No _X_ Yes.

   Was medication, other than over-the-counter medication, prescribed? ___ No _X_ Yes.

   Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
   ___ No _X_ Yes. If so, state the nature of such treatments and expected duration of treatment:
   _Dr. David Hirsch  7555 Barlite Blvd ste 101 San Antonio Tx, 78224 PM/04.04_

2. Is the medical condition pregnancy? _X_ No ___ Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.

   Is the employee unable to perform any of his/her job functions due to the condition: ___ No _X_ Yes.

   If so, identify the job functions the employee is unable to perform:
   _when flare-ups occur patient has trouble sitting for prolonged periods of time_

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

   _50 y/o Female c/o Back pain and decreased ROM._

CONTINUED ON NEXT PAGE

Form WH-380-E Revised May 2015

14

**PART B: AMOUNT OF LEAVE NEEDED**

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery?  X No ___ Yes.

   If so, estimate the beginning and ending dates for the period of incapacity: _____

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition?  X No ___ Yes.

   If so, are the treatments or the reduced number of hours of work medically necessary?
   ___ No ___ Yes.

   Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

   _____

   Estimate the part-time or reduced work schedule the employee needs, if any:

   _____ hour(s) per day: _____ days per week from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions? ___ No  X Yes.

   Is it medically necessary for the employee to be absent from work during the flare-ups?
   ___ No  X Yes. If so, explain:

   To Help rest hur Back and relieve pain patients will be un medication that cause drowsiness

   Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

   Frequency          : 1-2 times per _____ week(s) 1 month(s)

   Duration: _____ hours or 1 day(s) per episode

**ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER.**

_____
_____
_____
_____
_____
_____

_____
Signature of Health Care Provider                    Date

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.**

Page 4

Form WH-380-E Revised May 2015



# F A X S H E E T

Date:                          Dec-06-2018 03:11:40
To:                            VIA FMLA/Sergio Gonzalez
Subject:                       Patient Document
Fax Number:                    210-362-2575
To Company:
From Name:                     Salinas, Vanessa
From Company:                  HTMG SW MILITARY
From Facility:                 HTMG SW MILITARY
Support Contact:               210-924-2337
Number of Page(s):             5

**This facsimile transmission contains confidential information
intended for the parties identified above. If you have received this
transmission in error, please immediately notify me by telephone
and return the original message to me at the address listed above.
Distribution, reproduction or any other use of this transmission by
any party other than the intended recipient is strictly prohibited.**

\7

**Designation Notice**
**(Family and Medical Leave Act)**

**U.S. Department of Labor**
Wage and Hour Division

**WHD**
U.S. Wage and Hour Division
OMB Control Number: 1235-0003
Expires: 5/31/2018

Leave covered under the Family and Medical Leave Act (FMLA) must be designated as FMLA-protected and the employer must inform the employee of the amount of leave that will be counted against the employee's FMLA leave entitlement. In order to determine whether leave is covered under the FMLA, the employer may request that the leave be supported by a certification. If the certification is incomplete or insufficient, the employer may require additional information is necessary to make the certification complete and sufficient. While use of this form by employers is optional, a fully completed Form WH-382 provides an easy method of providing employees with the written information required by 29 C.F.R. §§ 825.300(c), 825.301, and 825.305(c).

To:   DEBRA SANTACRUZ        6413

Date:  12/06/2018

We have reviewed your request for leave under the FMLA and any supporting documentation that you have provided.
We received your most recent information on  12/06/2018                                             and decided:

____✓___   **Your FMLA leave request is approved. All leave taken for this reason will be designated as FMLA leave.**

**The FMLA requires that you notify us as soon as practicable if dates of scheduled leave change or are extended, or were initially unknown. Based on the information you have provided to date, we are providing the following information about the amount of time that will be counted against your leave entitlement:**

_____ Provided there is no deviation from your anticipated leave schedule, the following number of hours, days, or weeks will be counted against your leave entitlement: _____

___✓___ Because the leave you will need will be unscheduled, it is not possible to provide the hours, days, or weeks that will be counted against your FMLA entitlement at this time. You have the right to request this information once in a 30-day period (if leave was taken in the 30-day period).

**Please be advised (check if applicable):**
_____ You have requested to use paid leave during your FMLA leave. Any paid leave taken for this reason will count against your FMLA leave entitlement.

_____ We are requiring you to substitute or use paid leave during your FMLA leave.

___✓___ You will be required to present a fitness-for-duty certificate to be restored to employment. If such certification is not timely received, your return to work may be delayed until certification is provided. A list of the essential functions of your position ___ is _✓_ **is not** attached. If attached, the fitness-for-duty certification must address your ability to perform these functions.

_____ **Additional information is needed to determine if your FMLA leave request can be approved:**

_____ The certification you have provided is not complete and sufficient to determine whether the FMLA applies to your leave request. You must provide the following information no later than _____, unless it is not
                                                                                                    (Provide at least seven calendar days)
practicable under the particular circumstances despite your diligent good faith efforts, or your leave may be denied.

_____
(Specify information needed to make the certification complete and sufficient)
_____

_____ We are exercising our right to have you obtain a second or third opinion medical certification at our expense, and we will provide further details at a later time.

_____ Your FMLA Leave request is Not Approved.
_____ The FMLA does not apply to your leave request.
_____ You have exhausted your FMLA leave entitlement in the applicable 12-month period.

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
It is mandatory for employers to inform employees in writing whether leave requested under the FMLA has been determined to be covered under the FMLA. 29 U.S.C. § 2617; 29 C.F.R. §§ 825.300(d), (e). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 – 30 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

Form WH-382 January 2009

# Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act)

**U.S. Department of Labor**

Wage and Hour Division



DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR: RETURN TO THE PATIENT

OMB Control Number: 1235-0003
Expires: 5/31/2018

## SECTION I: For Completion by the EMPLOYER

**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies, and in accordance with 29 C.F.R. § 1635.9, if the Genetic Information Nondiscrimination Act applies.

Employer name and contact:  SERGIO M. GONZALEZ, J.D.—VIA METROPOLITAN TRANSIT—OFFICE (210) 362-2257—FAX (210) 362-2575

Employee's job title:  PARATRANSIT RESERVATION AGENT     Regular work schedule:  VARIES

Employee's essential job functions:  PLEASE SEE JOB DESCRIPTION (ATTACHED)

Check if job description is attached:     ✓

## SECTION II: For Completion by the EMPLOYEE

**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 20 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: _____ DEBRA SANTACRUZ _____        6413

First                                      Middle                                    Last

## SECTION III: For Completion by the HEALTH CARE PROVIDER

**INSTRUCTIONS to the HEALTH CARE PROVIDER:** Your patient h
fully and completely, all applicable parts. Several questions seek a respon:         *MISSING INFO.*
condition, treatment, etc. Your answer should be your best estimate based
examination of the patient. Be as specific as you can; terms such as "lifeti        *12/6/18*
be sufficient to determine FMLA coverage. Limit your responses to the co           *REQUESTED COMPLETE INFO.*
leave. Do not provide information about genetic tests, as defined in 29 C.I
29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the em
1635.3(b). Please be sure to sign the form on the last page.

Provider's name and business address:  _____

Type of practice / Medical specialty:  _____

Telephone: (_____)_____   Fax:(_____)

Page 1

Form WH-380-E Revised May 2015

**PART A: MEDICAL FACTS**

1. Approximate date condition commenced: _5/24/2017_

   Probable duration of condition: _18 months_

   **Mark below as applicable:**
   Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
   _X_ No ___Yes. If so, dates of admission:

   Date(s) you treated the patient for condition:
   _5/24/17, 4/19/18, 5/9/18, 6/21/18, 8/3/18, 8/24/2018, 10/16/18,_

   Will the patient need to have treatment visits at least twice per year due to the condition? ___No _X_ Yes.

   Was medication, other than over-the-counter medication, prescribed? ___No _X_ Yes.

   Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
   ___No _X_ Yes. If so, state the nature of such treatments and expected duration of treatment:
   _Dr. David Hirsch  7355 Barlite Bvd  ste 101  San Antonio Tx, 8224 PO)684.10_

2. Is the medical condition pregnancy? _X_ No ___Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.

   Is the employee unable to perform any of his/her job functions due to the condition: ____ No _X_ Yes.

   If so, identify the job functions the employee is unable to perform:
   _When Flare ups occur patient has trouble sitting for prolonged periods of time_

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

   _50 y/o Female c/o Back pain and decreased RoM._

CONTINUED ON NEXT PAGE:                  Form WH-380-E  Revised May 2015

**PART B: AMOUNT OF LEAVE NEEDED**

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery?  $\underline{X}$ No  ___ Yes.

   If so, estimate the beginning and ending dates for the period of incapacity: _____

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition?  $\underline{X}$ No  ___ Yes.

   If so, are the treatments or the reduced number of hours of work medically necessary?
   ___ No  ___ Yes.

   Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

   _____

   Estimate the part-time or reduced work schedule the employee needs, if any:

   _____ hour(s) per day; _____ days per week from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions?  ___ No  $\underline{X}$ Yes.

   Is it medically necessary for the employee to be absent from work during the flare-ups?
   ___ No  $\underline{X}$ Yes. If so, explain:

   To Help rest her Back and relieve pain patients will be on medication that cause drowsiness.

   Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

   Frequency            : $1\text{-}2$ times per ___ week(s) $1$ month(s)

            Duration: ___ hours or $1$ day(s) per episode

**ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER.**

_____

_____

_____

_____

_____

2-1

**Signature of Health Care Provider**          **Date**

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.**

Page 4

Form WH-380-E   Revised   May 2015



# F   A   X   S   H   E   E   T

| | |
|---|---|
| Date: | Dec-05-2018 04:37:22 |
| To: | Via/Sergio Gonzalez |
| Subject: | Patient Document |
| Fax Number: | 210-362-2575 |
| To Company: | |
| From Name: | Salinas, Vanessa |
| From Company: | HTMG SW MILITARY |
| From Facility: | HTMG SW MILITARY |
| Support Contact: | 210-924-2337 |
| Number of Page(s): | 5 |

**This facsimile transmission contains confidential information intended for the parties identified above. If you have received this transmission in error, please immediately notify me by telephone and return the original message to me at the address listed above. Distribution, reproduction or any other use of this transmission by any party other than the intended recipient is strictly prohibited.**

2-3

## Notice of Eligibility and Rights & Responsibilities
(Family and Medical Leave Act)

### U.S. Department of Labor
Wage and Hour Division



OMB Control Number: 1235-0003
Expires: 5/31/2018

In general, to be eligible an employee must have worked for an employer for at least 12 months, meet the hours of service requirement in the 12 months preceding the leave, and work at a site with at least 50 employees within 75 miles. While use of this form by employers is optional, a fully completed Form WH-381 provides employees with the information required by 29 C.F.R. § 825.300(b), which must be provided within five business days of the employee notifying the employer of the need for FMLA leave. Part B provides employees with information regarding their rights and responsibilities for taking FMLA leave, as required by 29 C.F.R. § 825.300(b), (c).

### [Part A – NOTICE OF ELIGIBILITY]

TO: __DEBRA SANTACRUZ_____ 6413__          S  6413
    Employee

FROM: __SERGIO M. GONZALEZ, J.D.__
    Employer Representative                   ☑ Ec

DATE: __08/08/2018__

On __08/06/2018_____, you informed us that you needed leave beginning on __Ur__    ☑ Scan

                                                          ☑ File

_____ The birth of a child, or placement of a child with you for adoption or foster car

__✓__ Your own serious health condition;

_____ Because you are needed to care for your _____ spouse; _____ child; _____ p

_____ Because of a qualifying exigency arising out of the fact that your _____ spous active duty or call to covered active duty status with the Armed Forces.

_____ Because you are the _____ spouse; _____ son or daughter; _____ parent; _____ ------ -- ---
    serious injury or illness.

This Notice is to inform you that you:

__✓__ Are eligible for FMLA leave (See Part B below for Rights and Responsibilities)

_____ Are **not** eligible for FMLA leave, because (only one reason need be checked, although you may not be eligible for other reasons):

    _____ You have not met the FMLA's 12-month length of service requirement. As of the first date of requested leave, you will have worked approximately ___ months towards this requirement.
    _____ You have not met the FMLA's hours of service requirement.
    _____ You do not work and/or report to a site with 50 or more employees within 75-miles.

If you have any questions, contact __Sergio Gonzalez, (210) 362-2257_____ or view the

FMLA poster located in __Various locations throughout VIA._____.

### [PART B-RIGHTS AND RESPONSIBILITIES FOR TAKING FMLA LEAVE]

As explained in Part A, you meet the eligibility requirements for taking FMLA leave and still have FMLA leave available in the applicable 12-month period. **However, in order for us to determine whether your absence qualifies as FMLA leave, you must return the following information to us by** __09/08/2018_____. (If a certification is requested, employers must allow at least 15 calendar days from receipt of this notice; additional time may be required in some circumstances.) If sufficient information is not provided in a timely manner, your leave may be denied.

__✓__ Sufficient certification to support your request for FMLA leave. A certification form that sets forth the information necessary to support your request __✓ is/____ is not__ enclosed.

_____ Sufficient documentation to establish the required relationship between you and your family member.

_____ Other information needed (such as documentation for military family leave): _____

    _____

    _____

_____ No additional information requested

Page 1                                    CONTINUED ON NEXT PAGE                    Form WH-381  Revised February 2013

If your leave does qualify as FMLA leave you will have the following **responsibilities** while on FMLA leave (only checked blanks apply):

✓   Contact **JULIE RAMIREZ** _____ at **210-362-2190** _____ to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave. You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work.

____   You will be required to use your available paid _____ sick, _____ vacation, and/or _____ other leave during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

____   Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ___ **have/**____ **have not** determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

✓   While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every <sup>date as instructed by your Supervisor</sup> (Indicate interval of periodic reports, as appropriate for the particular leave situation).

**If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.**

If your leave does qualify as FMLA leave you will have the following **rights** while on FMLA leave:

•   You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as:

    ✓   the calendar year (January – December).

    ____   a fixed leave year based on _____.

    ____   the 12-month period measured forward from the date of your first FMLA leave usage.

    ____   a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

•   You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness. This single 12-month period commenced on _____.

•   Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.
•   You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA-protected leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)
•   If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.
•   If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have ✓ **sick,** ✓ **vacation,** and/or ___ **other leave** run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy. Applicable conditions related to the substitution of paid leave are referenced or set forth below. If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave.

    ✓   For a copy of conditions applicable to sick/vacation/other leave usage please refer to <sup>EMPLOYEE MANUAL</sup> available at: **Previously issued to you** .

    ____Applicable conditions for use of paid leave:_____

_____

_____

_____

_____

**Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement. If you have any questions, please do not hesitate to contact:**
Sergio M. Gonzalez, J.D. _____ at **210-362-2257** _____ .

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

                                                         Form WH-381 Revised February 2013