IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DEBRA SANTACRUZ,                        §
                                        §
        Plaintiff,                      §
                                        §
VS.                                     §      CIVIL ACTION NO. SA-21-CV-719-FB
                                        §
VIA METROPOLITAN TRANSIT,               §
                                        §
        Defendant.                      §

## ORDER ACCEPTING AMENDED REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Amended Report and Recommendation of United States Magistrate Judge filed on February 16, 2023 (docket #40); Plaintiff's Objections to Magistrate's Report and Recommendation filed on March 1, 2023 (docket #41); and Defendant's Response to Plaintiff's Objections to Magistrate's [Amended] Report and Recommendation filed on March 15, 2023 (docket #42).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Amended Report, Magistrate Judge Chestney: (1) DENIED Plaintiff's Motion to Strike Defendant's Evidence Re Defendant's Motion for Summary Judgment (docket #23); (2) GRANTED Plaintiff's Motion for Leave to File Sur Reply to Defendant's Reply Re Defendant's Motion for Summary Judgment (docket #32); and (3) recommended to this Court that Defendant's Motion for Summary Judgment (docket #21) be GRANTED as all of Plaintiff's claims fail as a matter of law and Plaintiff's Motion for Judgment on the Pleadings and/or for Partial Summary Judgment Regarding Defendant's Affirmative Defenses (docket #20) be DISMISSED AS MOOT.   In her objections, Plaintiff asks this Court for a *de novo* review as to the  following:

1. "The Magistrate's Report disregards credibility issues of Defendant's most important witness, Blanca Dominguez, throughout the Report. Dkt# 40."

2. "The Report accepts Blanca's version of the critical April 22,20l9 phone call, not Plaintiff s. Dkt# 40, p.12-13[.]"

3. "That there was just one phone call between Santacruz and Blanca. Dkt# 40, p. 9[.]"

4. "That Report finds that only the Paratransit department head Sylvia Castillo could approve terminations. Dkt# 40, p. 9

5. "That Blanca did not fire Plaintiff and did not have the authority to fire her. Dkt# 40, p. 13."

6. "That Mr. Chaipan and Ms. Castillo both told Santacruz that she was not fired. Dkt# 40, p. 13.

7. "That the Report says the Varidesk, a stand-up desk provided the necessary accommodation for Plaintiff. Dkt#40, p. 14-15[.]"

Plaintiff's Objections to Magistrate's Report and Recommendation, docket #41 at page 2.  In its Response, Defendant contends it is the legal sufficiency of the Plaintiff's claims which are in issue not the witnesses' credibility.  Along those lines, the Magistrate Judge viewed all of the competent summary judgment evidence in the light most favorable to Plaintiff. *See Buckhanan v. Shinseki,* 665

F. App'x 343, 347 (5th Cir. 2016) "('When considering a motion for summary judgment, a district court must "refrain from making credibility determinations or weighing the evidence; instead, [it must] draw all reasonable inferences in favor of the nonmoving party.'" (citations omitted) (alteration in original)). *See, e.g.*, Doc. No. 21, pp. 9, 12, 14, 16, 17, 21) (making assumptions in Plaintiff's favor for the sake of argument and viewing the evidence in the light most favorable to Plaintiff)." <u>Response</u>, docket #42 at page 3.  Defendant argues the objections "identify minor discrepancies in fact without articulating how or why such discrepancies create a genuine dispute of material fact barring summary judgment," and that the "Report specifically notes every time the record reflects a disputed fact—such disputes were not ignored; rather, the disputed facts were determined to be immaterial. (Doc. No. 40, p. 5)."  *Id.*  Moreover, Magistrate Judge Chestney found as a matter of law in her Report that the Plaintiff "'cannot establish she suffered an adverse employment action,' (Doc. No. 40, p. 12), and 'there is no evidence in the record of any requested accommodation that was denied by VIA.' (Doc. No. 40, p. 14)."  *Id.*  The Court agrees.

The Court has reviewed the plaintiff's objections and conducted a de novo review of those issues raised by the plaintiff.  The Court finds, after careful consideration of the record and the Amended Report and Recommendation, that the objections lack merit.  The Court hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Amended Report and Recommendation (docket #40), incorporates herein the arguments and authorities presented by the Defendant in its response to Plaintiff's objection (docket #42) and finds the recommendation should be accepted such that Defendant's Motion for Summary Judgment (docket #21) shall be GRANTED and Plaintiff's Motion for Judgment on the Pleadings and/or for Partial Summary Judgment Regarding Defendant's Affirmative Defenses (docket #20) shall be DISMISSED AS MOOT.

Accordingly, IT IS HEREBY ORDERED that the Amended Report and Recommendation of United States Magistrate Judge, filed in this case on February 16, 2023 (docket #40), is ACCEPTED such that Defendant's Motion for Summary Judgment (docket #21) is GRANTED and Plaintiff's Motion for Judgment on the Pleadings and/or for Partial Summary Judgment Regarding Defendant's Affirmative Defenses (docket #20) is DISMISSED AS MOOT.  Because all of Plaintiff's claims fail as a matter of law, IT IS FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE. Motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 20th day of March, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE